BARNARD v. DEMING CO.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1915.)

No. 2563.

PATENTS ☞328—INFRINGEMENT—FLUID DISTRIBUTOR.

    The Barnard patent, No. 580,151, for a fluid distributor, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Suit in equity by William N. Barnard against the Deming Company. Decree for defendant, and complainant appeals. Affirmed.

Logan, Demond, Hanford & Read, of New York City, for appellant.

A. H. Bates, of Cleveland, Ohio, for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and McCALL, District Judge.

PER CURIAM. The same patent here involved (Barnard, fluid distributor, No. 580,151, issued April 6, 1897, on application filed August 4, 1882) was by this court held valid and infringed. Forest City Co. v. Barnard, 176 Fed. 561, 100 C. C. A. 197. The patent was there sustained as against an alleged anticipation found in Forster, No. 220,277, October 17, 1879. The opinion of this court was by

Judge Severens, and the essential differences between Forster and Barnard, which permitted the conclusion that Barnard had made an invention, were found to be two: First, that Barnard used a wide, low "reverberatory" chamber, as distinguished from the more elongated nozzle of Forster; and, second, that Barnard introduced his fluid through a purely tangential port in the side of the chamber, instead of through spirally winding ports in the end thereof, as did Forster. This latter difference seems to have been thought the really vital one.

The defendant in the present case uses a device of the Forster type, as thus distinguished from the Barnard type. Deming's chamber is a compromise between the proportionately shorter one of Barnard and the proportionately longer one of Forster. If it produces any of Barnard's supposed peculiar effects, they are present in minimized degree. In the spiral, instead of tangential, form of inlet ports, Deming differs from Forster only in the pitch of the spiral. Upon the whole, we are satisfied that, if Forster did not anticipate, Deming does not infringe. This conclusion is emphasized by additional references in the present record strongly tending at least to limit the field of advance which was open to Barnard, and is not modified by the fact that the present charge of infringement is confined to the third and fourth claims of the patent.

The District Court rightly dismissed the bill because there was no infringement, and this conclusion makes unnecessary any examination of other serious difficulties in plaintiff's path.

The decree below is affirmed, with costs.